UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Tammy Bartz,<br><br>             Plaintiff,<br><br>      v.<br><br>Admin Recovery LLC; and DOES 1-10, inclusive,<br><br>             Defendants. | Civil Action No.: 1:15-cv-00871<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Tammy Bartz, by undersigned counsel, states as follows:

## JURISDICTION

1.   This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

2.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3.   Plaintiff, Tammy Bartz ("Plaintiff"), is an adult individual residing in Rochester, Minnesota, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.   Defendant, Admin Recovery LLC ("Admin Recovery"), is a New York business entity with an address of 5930 Main Street, Williamsville, New York 14221, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.   Does 1-10 (the "Collectors") are individual collectors employed by Admin Recovery and whose identities are currently unknown to Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

6.   Admin Recovery at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

7. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

8. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes, which meet the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Admin Recovery for collection, or Admin Recovery was employed by the Creditor to collect the Debt.

10. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Admin Recovery Engages in Harassment and Abusive Tactics

11. Within the last year, Admin Recovery began calling Plaintiff in an attempt to collect the Debt.

12. Admin Recovery called Plaintiff's cellular telephone, Plaintiff's work number, Plaintiff's daughter's cellular telephone, and Plaintiff's son-in-law's cellular telephone.

13. Admin Recovery left a message on each number stating that Plaintiff had committed fraud and that a warrant was being issued against Plaintiff.

### C. Plaintiff Suffered Actual Damages

14. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

15. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, *et seq.*

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than Plaintiff regarding the Debt.

18. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with collection of the Debt.

19. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/or misleading representations or means in connection with collection of the Debt.

20. Defendants' conduct violated 15 U.S.C. § 1692e(7) in that Defendants falsely misrepresented that Plaintiff had committed a crime.

21. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

22. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

23. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA.

24. Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in Plaintiff's favor and against Defendants as follows:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

    2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

    3. The costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

    4. Punitive damages; and

    5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: September 30, 2015

Respectfully submitted,

By: */s/ Sergei Lemberg*

Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW, LLC
1100 Summer Street, 3d Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff